IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ADAM ELLIOTT, SR.,

Plaintiff,

vs.

RECEPTION TREATMENT CENTER,

Defendant.

**8:25CV730**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Adam Elliott, Sr.'s Complaint filed on December 19, 2025. Filing No. 1.[1] Plaintiff is incarcerated within the Reception and Treatment Center (RTC) of the Nebraska Department of Correctional Services (NDCS). The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915A(b).

## I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

---

[1] The Court has also received 9 letters which, generally speaking, reiterate Plaintiff's concerns about his mail and responses to grievances, Filings 6, 7, 11-15, 18, 19, and a motion asking for an update on this case, Filing 10.

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. DISCUSSION

Plaintiff's initial complaint alleges that between March 2025 and November 2025, the RTC mailroom did not send out all his mail or the U.S. Postal Service (USPS) did not deliver it. He believes this is true because no one is responding to his mailings or answering his calls. He also alleges the defendant is not responding to his grievances, or at least not in a thorough and timely fashion, and it is not responding to his demands for copies of his

2

previously submitted grievances. He alleges that in response to one of his grievances, the defendant stated that once USPS picks up the mail, delivery is "out of their hands. " Filing 1 at 7. He demands "NO LOW BALL money," and written confirmation from USPS that all his mail received from the RTC mailroom has been delivered to the addresses on the envelopes. Filing 1 at 12.

Plaintiff names RTC as a defendant. States or governmental entities that are considered arms of the state are not suable "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). Suits against the state or its agencies are barred by the Eleventh Amendment. *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (holding the Eleventh Amendment bars suit against a state agency for any kind of relief). Plaintiff's claims, as currently alleged, are therefore barred by the Eleventh Amendment.

Plaintiff alleges that he is not receiving responses to grievances in violation of his constitutional rights. An inmate does not have a protected liberty or property interest in access to the grievance procedure. *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). *See also Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996) (state's inmate grievance procedures do not give rise to liberty interest protected by the due process clause). So, assuming the prison did not respond (or did not adequately respond) to all of Plaintiff's grievances, that fact, standing alone, does not state a § 1983 claim.

Finally, as part of his request for relief, Plaintiff demands a letter from USPS that confirms his mail is being delivered. Even if Plaintiff prevailed in this lawsuit, the Court cannot order USPS, a nonparty, to provide this written confirmation.

Plaintiff has filed nine letters, totaling over 40 pages of text, asserting his mailing and grievance rights are being violated. Since the Court will be allowing Plaintiff to file an amended complaint, the Court has not thoroughly read and considered all the content of these letters. If Plaintiff chooses to proceed with this lawsuit, he must consolidate his claims into one document— the amended complaint. The Court will not consider other documents received –whether in the form of a letter, a supplement, or otherwise—without leave of the Court.

### IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. After reviewing the allegations in Plaintiff's complaint, the Court finds Plaintiff has failed to state a claim upon which relief may be granted. But rather than dismissing the case at this time, the Court will permit Plaintiff to file an amended complaint.

Accordingly,

IT IS ORDERED:

1.      Plaintiff shall have until May 1, 2026, to file an amended complaint. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff. Plaintiff is advised that any amended complaint filed will replace the initial complaint, not supplement it. So, if Plaintiff intends to file an amended complaint, he must include all the claims he wishes to pursue against all of the individuals against whom he wishes to proceed in any amended complaint, without relying upon or incorporating by reference any allegations made in his initial complaint or in any other lawsuit he has filed.

4

2.      The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915A in the event he files an amended complaint.

3.      The Clerk of Court is directed to set a pro se case management deadline using the following text: "May 1, 2026: check for amended complaint."

4.      The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 1st Day of April, 2026.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge