IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ADAM ELLIOTT, SR.,<br><br>Plaintiff,<br><br>vs.<br><br>RECEPTION TREATMENT CENTER,<br><br>Defendant. | **8:25CV730**<br><br>**MEMORANDUM  AND ORDER** |

This matter is before the court on the amended complaint filed by Plaintiff Adam Elliott, Sr. on April 17, 2026. Filing 21. Plaintiff is incarcerated within the Reception and Treatment Center (RTC) of the Nebraska Department of Correctional Services (NDCS). The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b).

## I. APPLICABLE  LEGAL STANDARDS  ON INITIAL  REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014)

(quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

The Court conducted an initial review of Plaintiff's initial complaint and concluded Plaintiff's claim against RTC was barred by Eleventh Amendment immunity, and he failed to state a claim upon which relief may be granted. Plaintiff was granted leave to file an amended complaint and was specifically ordered that "if Plaintiff intends to file an amended complaint, he must include all the claims he wishes to pursue against all of the individuals against whom he wishes to proceed in any amended complaint, without relying upon or incorporating by reference any allegations made in his initial complaint or in any other lawsuit he has filed." Filing 20 at 4.

Like the initial complaint, Plaintiff's amended complaint alleges the mail he is sending from RTC is not being delivered to the addressed recipients. In support of this claim, he alleges a letter was sent to an attorney, and the attorney did not receive it, and he sent letters to his children who are in the custody of his former wife, and his ex-wife states the letters were not received. Plaintiff further alleges he requested copies of past grievances he submitted electronically, but has received nothing other than "hassles, lies, and runarounds." Filing 21 at 2. Plaintiff does not allege why he needs copies of the grievances or any harm sustained because copies were not provided. Plaintiff's amended complaint again names RTC as the sole defendant.

As the Court previously explained, RTC is a Nebraska correctional facility and is a lawsuit against the State of Nebraska. States or governmental entities that are considered arms of the state are not suable "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). Moreover, when the State is named as the defendant, the lawsuit is barred by Eleventh Amendment immunity regardless of whether it seeks damages or injunctive relief. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02, 104 S. Ct. 900, 908–09, 79 L. Ed. 2d 67 (1984). *See also, Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (holding the Eleventh Amendment bars suit against a state agency for any kind of relief); *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir. 1989) (holding a suit brought solely against a state or state agency is proscribed by the Eleventh Amendment).

### III. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. After reviewing the

allegations in Plaintiff's amended complaint, the Court finds Plaintiff's lawsuit against RTC is barred by Eleventh Amendment immunity and must be dismissed.

Accordingly,

IT IS ORDERED:

1.    This matter is dismissed without prejudice.

2.    A separate judgment will be entered.

Dated this 30th day of April, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

4